UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Billy Ray Watson, ) | Civil Action No.: 0:15-CV-04935-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

Plaintiff Billy Ray Watson ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #16].

**Factual Findings and Procedural History**

Plaintiff Billy Ray Watson was born in 1970 and was forty-one years old on the date of his alleged onset of disability. [ECF #12, p. 4]. Plaintiff has a high school education and past relevant work experience as an electrician, a truck driver, and a machine fixer. [ECF #12, p. 4]. On June 8, 2012, Plaintiff filed a claim for DIB and SSI benefits, alleging a disability onset date of April 1, 2012. Plaintiff alleges he is disabled due to back pain. The Social Security Administration denied his application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge

("ALJ"). [ECF #12, p. 4]. Following the hearing, the ALJ denied Plaintiff's claim on May 30, 2014. finding that Plaintiff was not under a disability as defined in the Social Security Act, as amended. [ECF #11-2, p. 23]. The ALJ's findings were as follows:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2017 (Exhibit 4D/4).
>
> (2) The claimant has not engaged in substantial gainful activity since April 1, 2012, the amended alleged onset date (20 C.F.R. 404.1571 *et seq*., and 20 C.F.R. 416.971 *et seq*.).
>
> (3) The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, status post laminectomy and microdiscectomy, with residual neuropathy (20 C.F.R. 404.1520(c) and 20 C.F.R. 416.920(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> (5) After careful consideration of the entire record, the undersigned finds that claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except the claimant is limited to occasional use of foot controls on the right and unlimited on the left within the exertional limit. Additionally, the claimant requires the ability to stand or sit, or adjust positions at will consistent within the exertional limits. Moreover, the claimant requires a hand-held assistive device (such as a cane) over narrow, slippery, or erratically moving surfaces and for standing and walking in excess of twenty minutes. In addition, the claimant is limited to frequently climbing ramps or stairs, balancing, stooping, and kneeling, occasionally, crouching and crawling, and never climbing ladders, ropes, or scaffolds. Furthermore, the claimant is limited to less-than-occasional, if any, hazards associated with dangerous machinery or unprotected heights, but is otherwise capable of being aware of normal hazards and taking appropriate precautions. Additionally, the claimant is limited to simple, routine, repetitive tasks, which must be performed in a low stress, predictable work environment with clearly defined performance expectations and less

> than occasional public contact. In addition, the claimant will be off task at will up to five perfect of the workday beyond normal breaks, an example of which would equate to no more than six minutes within a two-hour segment, while remaining at the workstation. Finally, claimant may miss up to, but no more than two workdays per month.
>
> (6) The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).
>
> (7) The claimant was born on November 13, 1970, and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).
>
> (8) The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).
>
> (9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not claimant has transferrable job skills (See SSR 82-41 and 20 C.F.R. Part 4, Subpart P, Appendix 2).
>
> (10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969 and 416.969(a)).
>
> (11) The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2012, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

[ECF #11-2, pp. 14-23].

Plaintiff requested a review of the ALJ's decision, and the Appeals Council denied Plaintiff's request to review the ALJ's decision on October 16, 2016, making the decision of the ALJ the final decision of the Commissioner. On December 14, 2015, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #12; ECF #13], and the Magistrate Judge issued her Report and Recommendation on November 3, 2016,

recommending that the Commissioner's decision be affirmed. [ECF #16, p. 14]. The Magistrate Judge recommends affirming the Commissioner's decision because the record contains substantial evidence to support the decision that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. [ECF #16]. In response to Plaintiff's issues raised in his initial brief, the Magistrate Judge found that the ALJ properly considered the opinion of Plaintiff's treating specialist, Dr. Mitchell and properly relied on the vocational expert's testimony. Plaintiff filed objections on November 21, 2016. [ECF #16]. Defendant replied to these objections on December 8, 2016. [ECF # 18]. Plaintiff's sole objection is that the ALJ improperly relied upon the VE's testimony.

## **Standard of Review**

**I.     Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court

disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.     The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**Analysis**

Within the R&R, the Magistrate Judge recommends affirming the decision of the Commissioner. Plaintiff raises one objection[1] to the R&R recommending the Commissioner's decision be affirmed: he argues that the ALJ failed to elicit an explanation from the vocational expert after a conflict arose between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). Within the decision, the ALJ found at Step Five of the analysis that jobs existed in significant numbers in the national economy that Plaintiff could perform, specifically (1) a printed circuit board assembler inspector; (2) an ampoule sealer; and (3) a surveillance system monitor. All of these positions are at an SVP level of 2 or 3 and are considered unskilled work. Furthermore, the ALJ determined that the VE's testimony was consistent with the information contained in the DOT and that with respect to the questions asked regarding the ability to perform these jobs with a cane, absences and time-off, the ALJ was satisfied that the VE based his opinion with SSR 00-04p in mind. In his objection, Plaintiff argues first that these jobs require a GED reasoning level of at least 2, which translates to having the intellectual ability to perform "detailed but uninvolved instructions." [ECF #17, p. 2]. Meanwhile, the ALJ limited Plaintiff's RFC to "simple, routine, repetitive tasks, which must be performed in a low stress environment." [ECF #17, p. 2].

Social Security Ruling 00–4p provides that the ALJ "has an affirmative responsibility to ask [a VE] about any possible conflict between [his] evidence and . . . the DOT." SSR 00–4P (S.S.A.), 2000

---

[1] Plaintiff also initially argued that the ALJ improperly determined his residual functional capacity first and then used that finding to determine the appropriate weight to give a treating physician's opinion, in violation of *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). In her R&R, the Magistrate Judge determined that while this arguably appears to be the case, any error was harmless. [ECF #16, p. 8]. Plaintiff has not objected to this finding. Accordingly, this Court will assume that argument has been abandoned by Plaintiff. *Pearn v. Astrue*, No. 3:10-cv-429-HEH, 2011 WL 3207109 (E.D. Va. 2011) ("Plaintiff's failure to raise objections to the Magistrate Judge's R&R waives his right to appellate review); *see also Page v. Lee*, 337 F.3d 411, 416 n. 3 (4th Cir. 2003).

6

WL 1898704. Accordingly, the ALJ must ask the VE whether his or her testimony conflicts with the DOT, and if so, the ALJ must "obtain a reasonable explanation for the apparent conflict." *Id.* Furthermore, the ALJ must resolve this conflict prior to relying upon the VE's testimony and must explain the resolution of the conflict in his or her decision. *Id.* This Ruling thus puts the onus of identifying *and* obtaining a reasonable explanation of any conflicts between the vocational expert's testimony and the DOT on the ALJ. *Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015). Specifically, an ALJ must first ask the expert if the evidence provided conflicts with the information found in the DOT, and second, if the expert's evidence appears to conflict with the DOT, the ALJ must contain a reasonable explanation for any apparent conflict. *Id.* An ALJ does not fulfill his affirmative duty found in the Ruling upon asking the vocational expert whether his or her testimony is consistent with the DOT. *Id.* This is true because an ALJ must investigate facts and develop the record at the hearing; the record is not fully developed if it contains an unresolved conflict between the vocational expert's testimony and the DOT. *Id.* at 210. Likewise, an ALJ fails to fulfill his duty if he ignores an apparent conflict because the expert testified no conflict existed. *Id.*

This ruling has been analyzed by the courts in our Circuit. In the above-cited case, *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), the Fourth Circuit Court of Appeals reversed the denial of Social Security benefits because the ALJ failed to resolve a conflict between the vocational expert's ("VE") testimony and the DOT. The ALJ first asked the vocational expert to advise him if his testimony differed from what was contained in the DOT. *Id.* at 205. Then, the ALJ presented the expert with several hypothetical questions containing different limits on work capacity and asked the expert whether the Plaintiff could perform any jobs in the national economy. The vocational expert testified that the hypothetical individual could perform unskilled and light work, however the expert did not mention any

7

conflicts between his testimony and the DOT. *Id.* at 206. In a recent unpublished case, *Henderson v. Colvin*, No. 15-1437, 643 Fed. Appx. 273, 276 (4th Cir. April 5, 2016), the Plaintiff alleged that the vocational expert's testimony created a possible conflict with the DOT, and the ALJ failed to resolve the apparent conflict. *Henderson* considered the fact that when an expert's testimony apparently conflicts with the DOT, substantial evidence to affirm a decision exists only if the ALJ received an explanation from the expert explaining the conflict, and the ALJ determines that the explanation was both reasonable and provided a basis for relying upon the expert's testimony. *Id.* at 277. Furthermore, in *Henderson*, the ALJ's decision was reversed because after finding that there was an apparent conflict between an RFC limiting the individual to one-to-two step instructions and a GED Reasoning Code 2 requiring "the ability to understand detailed instructions," the Court found that the ALJ did not inquire into the apparent conflict. *Id.* In other words, that Court found that a limitation to one-to-two step instructions is an apparently conflict with a reasoning level of 2.

Similarly, in *Shivers v. Colvin*, No. 6:12-3381-SB, 2014 WL 1315183 (D.S.C. March 27, 2014), the Court considered whether an ALJ erred in relying upon an expert's testimony when there was an alleged apparent conflict between the Plaintiff's RFC and the general education development ("GED") levels of three jobs identified by the VE as work Plaintiff could perform. In that case, the Defendant argued that the Fourth Circuit Court of Appeals has not addressed the correlation between GED levels and a limitation to simple, routine, repetitive tasks. *Id.* at *3. In ruling for the Plaintiff, the *Shivers* Court noted that the District of South Carolina has previously found an existing conflict between a GED reasoning level of two and three and a limitation to simple, routine, repetitive tasks. *Id.* at *3. Additionally, in that case, the ALJ never discussed with the VE whether the Plaintiff's limitation to simple, routine and repetitive tasks was compatible with the identified jobs, thus the *Shivers* Court

found it would be pure speculation to find that the VE considered and resolved that issue. Finally, in a recent South Carolina district court opinion, the Court adopted the reasoning in the corresponding Report and Recommendation, finding that while the specific issue of whether a GED reasoning level of three is incompatible with the ability to perform "simple, routine, repetitive tasks" has not been considered by the Fourth Circuit Court of Appeals, other courts in this District have repeatedly remanded for further proceedings in similar situations. *Christopherson v. Colvin*, No. 6:15-4725-JMC, 2016 WL 7212785 (D.S.C. December 13, 2016) (Report of Magistrate Judge found at 2016 WL 7223283). As is the case for Plaintiff, the VE identified jobs with a GED reasoning level of both three and two. *Id.*[2] However, in *Christopherson*, neither side filed objections to the R&R, and the Court found that the R&R provided an "accurate summary of the facts and law in the instant case." *Id.*

This Court has considered Defendant's argument that other district courts in South Carolina have found that a reasoning level of 2 is generally consistent with an RFC for simple, repetitive tasks.[3] However, the cases cited for this proposition do not address the fact that there appears to be a split among the circuit courts regarding this issue. Defendant's more general argument, which the Magistrate Judge found compelling, is that any potential conflict between Plaintiff's limitations and the reasoning level of the jobs offered by the VE is not an "apparent conflict." The Defendant relies heavily upon two cases. The first, *McCullough v. Colvin*, No. 4:14-cv-1362-DCN, 2015 WL 4757278 (D.S.C. Aug. 11, 2015), is a very short opinion decided prior to the *Henderson* decision, wherein the Court reviewed the R&R for clear error because no objections were filed. In that R&R, the determination that a reasoning

---

[2] Interestingly, in *Christopherson*, the vocational expert testified that his testimony was consistent with the information contained in the DOT. This explicit declaration was not announced at the hearing in this case.

[3] Plaintiff points out in his Reply Brief that Defense counsel does not understand that SVP and reasoning level are two independent vocational considerations, but he does not make any additional arguments regarding this point.

9

level of 2 is generally consistent with the RFC given which included the limitation of "simple, repetitive tasks and instructions" was limited to that case, and this Court notes that several of the cases cited for that proposition were not in this Circuit. Furthermore, the ALJ in this case further limited Plaintiff to performing in a "low stress, predictable work environment with clearly defined performance expectations, and less than occasional public contact." [ECF #11-2, p. 17]. The RFC contained an additional limitation in that it assumes Plaintiff "being off task at will up to five percent of the workday beyond normal breaks." [ECF #11-2, p. 17]. In *Dardozzi v. Colvin*, No. SAG-16-20, 2016 WL 6085883 (D. Md. October 18, 2016), a judge in the District Court of Maryland explained by letter opinion, that it was reading *Henderson* narrowly to include an RFC that limits a claimant to "one-to-two step instructions" instead of also encompassing "unskilled work."

In reviewing the current cases that have considered similar issues, this Court notes that the law does not appear to be well-settled. However, this Court finds that Plaintiff's case is slightly different from the cases finding no "apparent conflict" in the testimony of the VE and the DOT. Here, Plaintiff had additional mental limitations in his RFC that were not necessarily present in those cases. Moreover, like the cases in *Pearson* and *Shivers*, the ALJ in this case did not specifically discuss with the VE whether the limitation to simple, routine and repetitive tasks was compatible with the identified jobs, given the several types of limitations that were in place. *See generally Tadlock v. Astrue*, No. 8:06-3610-RBH, 2008 WL 628591, at *9-*10 (D.S.C. March 4, 2008). Further, in light of *Henderson* and *Christopherson*, and given the limitations of the RFC in this case and the record with the hearing testimony currently before it, this Court cannot say with certainty whether substantial evidence exists in the record to support the finding of the Commissioner in this case. Accordingly, this Court finds it prudent to remand this case back to the Commissioner to make findings consistent with this decision.

## Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law.  For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. [ECF #16].  The action is remanded to develop the record and make the requisite showing to consider whether any apparent conflict exists with the VE's testimony regarding available jobs and the information contained in the DOT, given the Plaintiff's RFC an .  The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED.**

Florence, South Carolina                                               s/ R. Bryan Harwell
February 21, 2017                                                         R. Bryan Harwell
                                                                                    United States District Judge

11